[No. 5834.]

## GIBBS v. THE PEOPLE.

**1. Practice in Criminal Cases—Rape—Force and Want of Consent.**

Section 1211, 3 Mills' (Rev.) Stats., provides that rape is the carnal knowledge of a female forcibly and against her will, and also that every male person over a specified age who shall carnally know any female under the age of 18 years, with or without her consent, shall be adjudged guilty of the crime of rape. Both offenses, as defined, are rape; but, in the first, the employment of force on the part of the accused against the will of the prosecutrix is an essential element; but not so with the second, because, where the prosecutrix is under the age of consent, force on the part of the accused and want of consent of the female are immaterial.—P. 453.

**2. Same—Assault to Commit Rape—Information—Female under Eighteen.**

Section 1215, Mills' Ann. Stats., makes an assault with intent to commit rape a felony, and § 1211 (Rev.) provides that every male person over a specified age who shall have carnal knowledge of a female under the age of 18 years, with or without her consent, shall be guilty of rape, so that an information charging an assault with intent to commit rape upon a female under the age of eighteen years need not allege that such assault was made with the intent to carnally know such female forcibly and against her will.—P. 453.

*Error to the District Court of San Juan County.*
*Hon. Jas. L. Russell, Judge.*

Frank H. Gibbs was convicted of an assault with intent to rape, and he brings error. *Affirmed.*

Mr. W. J. MILLS, for plaintiff in error.

Mr. N. C. MILLER, attorney general, for the people.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

The question presented for determination in this case is, whether or not an information, in order to charge an assault with intent to commit rape upon

a prosecutrix under the age of consent, must state that such assault was made with intent to carnally know her forcibly and against her will. Counsel for plaintiff in error contend that the offense set out in the information, to which the accused pleaded guilty and on which plea he was sentenced to the penitentiary, did not charge an assault with intent to commit rape, but simple assault only, for the reason it did not state intent on the part of the accused to use force against the will of the prosecutrix to accomplish his purpose in making the assault, although it was charged that she was under the age of eighteen years. The statute provides that rape is the carnal knowledge of a female forcibly and against her will, and also that every male person over a specified age who shall carnally know any female under the age of eighteen years, with or without her consent, shall be adjudged guilty of the crime of rape.—§ 1211, 3 Mills' (Rev.) Stats. Both offenses, as defined, are rape. In the first, the employment of force on the part of the accused against the will of the prosecutrix is an essential element; but not so with the second, because, where the prosecutrix is under the age of consent, force on the part of the accused and want of consent of the female are immaterial. This being true, it logically follows that facts which are not material to establish the accomplished offense are immaterial in charging an assault with intent to commit such offense, for the reason that in charging an assault with intent to commit rape, it is only necessary to charge acts which would have resulted in the commission of the principal crime had the purpose of the assault been accomplished. Thus tested, it is apparent the information is sufficient. The statute makes an assault with intent to commit rape a felony.—§ 1215, 1 Mills' Ann. Stats. From the averments of the information, it appears

the defendant did actually assault the prosecutrix with intent to carnally know her, and that she was under the age of eighteen years, so that, under the statute, had he succeeded in accomplishing the purpose for which he assaulted her, he would have been guilty of the substantive crime of rape, regardless of the degree of force used, or the question of consent upon her part.—*State v. Johnston*, 76 N. C. 209; *State v. Dancy*, 83 N. C. 608; *Davis v. State*, 31 Neb. 247; *Singer v. People*, 13 Hun. (N. Y.) 418; *Territory v. Keyes*, 5 Dak. 244; *Hayes v. People*, 1 Hill (N. Y.) 351; *State v. Riseling*, 85 S. W. (Mo.) 372; *People v. McDonald*, 9 Mich. 150; *State v. Meinhart*, 73 Mo. 562.

Other cases bearing on the subject are: *Glover v. Commonwealth*, 86 Va. 382; *Murphy v. State*, 120 Ind. 115; *McKinny v. State*, 39 Fla. 565.

There are cases cited by counsel for defendant which hold contrary to our views. Some of these are based upon the proposition that the statute does not make the act of intercourse with a female under the age of consent rape, but an offense punishable the same as rape. Our statute on the subject is not susceptible of this construction. Other cases hold there can be no assault upon a consenting female. This, however, does not seem logical, for when the law renders her legally and conclusively incompetent to consent to intercourse, it likewise renders her legally incapable of consenting to or waiving those physical acts amounting to an assault in an attempt to commit an act to which, in law, she cannot consent. The assent of the female being void as to the substantive crime, it is equally so with respect to all acts of the offender intended to lead up to its commission. The purpose of the legislature was to protect the female under a certain age from an accomplished act, without regard to her con-

sent, and certainly it was not intended that she should be left unprotected from assaults made upon her with intent to accomplish that act.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE GUNTER and Mr. JUSTICE MAXWELL concur.