## STATE, Respondent, v. MAY WOODWARD and JOHN DOE WOODWARD, Appellants.

[238 Pac. 525.]

CRIMINAL LAW — INTOXICATING LIQUORS—PRELIMINARY COMPLAINT— ARREST—WAIVER OF PRELIMINARY EXAMINATION—COMMITMENT— INDICTMENT AND INFORMATION—SUFFICIENCY OF ACCUSATION.

1.  A complaint charging commission of an indictable misdemeanor is sufficient if it gives the defendant a fair opportunity to know by proffered preliminary examination the general character and outline of the offense for which he is to have such examination.

2.  Complaint in this case charging commission of the crime of maintaining a common nuisance held sufficient within foregoing rule.

3.  *Held,* that there is sufficient showing made that both defendants were actually arrested.

4.  A defendant not personally appearing before the committing magistrate may waive preliminary examination through a codefendant thereto authorized.

5.  *Held,* in this case, that preliminary examination was waived by both defendants.

6.  Order of commitment examined, and *held* not fatally defective as to either defendant.

7.  *Held,* that the information herein sufficiently charges the commission of the crime of maintaining a common nuisance.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. W. F. McNaughton, Judge.

Appeal from judgment imposing sentence of fine and imprisonment upon conviction of the crime of maintaining a common nuisance. *Affirmed.*

Publisher's Note.

4.  Waiver by accused of preliminary examination, see note in Ann. Cas. 1917E, 179.

R. B. Norris, for Appellants.

The complaint must state facts sufficient to constitute a crime or warrant cannot issue. (16 C. J. 288, 295, 296, 301, and cases cited; *State v. Goetz,* 65 Kan. 125, 69 Pac. 187.) (This case is exactly in point on similar statute.)

A warrant issued on insufficient complaint is void and a nullity. (*People v. Moss,* 187 N. Y. 410, 10 Ann. Cas. 309, 80 N. E. 383; 16 C. J. 291, 310 and 311; C. S. 8711.)

Facts stated in the complaint or information control rather than the name given to offense. (*State v. Mickey,* 27 Ida. 626, 150 Pac. 39; *State v. Smith,* 25 Ida. 541, 138 Pac. 1107.)

Waiver of hearing does not waive sufficiency of complaint. (*United States v. Ruroede,* 220 Fed. 210.)

A waiver of preliminary hearing must be voluntary after all the statutes in relation to the preliminary hearing have been complied with, to establish the jurisdiction of the magistrate to act. (16 C. J. 184.)

A. H. Connor, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

The information and criminal complaint are sufficiently definite to charge the crime of maintaining a liquor nuisance. (C. S., sec. 2631; *State v. Steers,* 12 Ida. 174, 85 Pac. 104; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. Andrus,* 29 Ida. 1, 156 Pac. 421; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

A preliminary examination may be waived. (C. S., sec. 8816; *State v. Larkins,* 5 Ida. 200, 47 Pac. 945.)

An objection based upon such defects is available only where defendant is held under the warrant of arrest issued on the complaint. (*State v. Main,* 37 Ida. 449, 216 Pac. 731.)

BUDGE, J.—This appeal is from a judgment imposing a sentence of fine and imprisonment, appellants having been convicted of the crime of maintaining a common nuisance in violation of C. S., sec. 2631.

Appellants make and rely upon the following assignments of error: 1. The court erred in denying the defendants' motion to quash and set aside the information as to each of the defendants; 2. The court erred in overruling the demurrer of each of the defendants to the information; 3. The court erred in permitting the state to introduce any evidence in support of said information herein over the objection of the defendants, and each of them; 4. The court erred in rendering the pretended judgment of the sentence shown by the minutes of the court in relation thereto purporting to be against the defendants and each of them.

Under the first assignment, viz., that the court erred in not setting aside and annulling the information as to each of the defendants, or at least as to one of them, appellants make a number of points. Their first is that "under the provisions of C. S., sec. 8711, the magistrate could not have been satisfied that a crime had been committed, or that defendants or either of them committed it, from the statements in the complaint, and hence no warrant of arrest should have been issued." If we understand counsel's contention correctly, the objection urged is that the complaint upon which the warrant of arrest was issued fails to state facts sufficient to constitute a public offense, and therefore the magistrate could not have been satisfied that a crime had been committed. C. S., sec. 2631, provides that "all places where . . . . persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, delivery or disposition in violation of law . . . . are hereby declared to be common nuisances." The charging part of the complaint alleges that appellants "then and there" kept "intoxicating liquors" in a certain boathouse and permitted "persons to resort thereto for the purpose of drinking intoxicating liquors," contrary to the form of the statute, etc. No formal or detailed charge or description of the offense is necessary in the complaint before the magistrate, and all that is required is a general description or designation of the offense so that the defendant may be given a fair opportunity to know, by

a proffered preliminary examination, the general character and outline of the offense for which he is to have an examination. (*State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047.) Measured by the foregoing rule, the complaint is sufficiently definite to advise the defendants of the character and outline of the offense. The sufficiency of the allegations is further discussed under assignment of error No. 2.

The second point raised under assignment No. 1 is that "John Doe Woodward was never arrested and the magistrate never obtained jurisdiction over his person." The officer's return shows that the warrant was received by him on August 27, 1924, and that he executed it on the same day "upon May Woodward for the crime of maintaining a common nuisance." In amplification and explanation of his return, the officer making the arrest made an affidavit that he went to the boathouse, the residence of the defendants, and executed the warrant of arrest by placing both of the defendants under arrest; that John Doe Woodward had a black eye and a bruised face and begged the officer not to take him before the court. At the suggestion of the officer, John Doe Woodward, over the telephone, called up the probate judge who had issued the warrant and instructed him that May Woodward, his wife, was authorized to act for him. May Woodward then accompanied the officer to the committing magistrate's office, and there waived preliminary examination for herself and for her husband. All this appears from the affidavit of the arresting officer. The docket entry of the probate judge shows that on the twenty-seventh day of August, 1924, "defendant was arrested and brought into court, and after complaint was read to them and their rights made known defendants waived their right to preliminary examination in this court." The docket entry further shows that an order was made "that the defendants May Woodward and John Doe Woodward be held to answer to the district court . . . . upon the charge of maintaining a common nuisance." A bond for the appearance of the defendants in the district court was fixed at $300 and a cash deposit of that amount was made by the defendants. The foregoing recital of facts makes it appear that

both defendants were actually arrested. Under the provisions of C. S., sec. 8816, a preliminary examination may be waived. (*State v. Larkins*, 5 Ida. 200, 47 Pac. 945.) We think it was waived in the instant case.

Appellants next raise the point that "May Woodward never waived any hearing for herself or for John Doe Woodward for the reason that the complaint read to her did not charge any offense and she was advised by Steele, the officer arresting her, that it would be better for her to waive a hearing and sec. 8743 was not complied with and other sections relating to preliminary examinations." We have disposed of the first part of this contention in holding that the complaint is sufficient. As to the latter part, viz., that the officer advised her to waive a hearing, there is no merit. The docket recites that she was advised of her rights; the advice of the officer, if given, did not amount to coercion or prevent her from having a preliminary examination if she requested one.

Appellants further contend that "the order of commitment filed by the magistrate on return to the district court attempts to hold and commit for trial John Doe Woodward but fails to hold and commit May Woodward for trial." The order of commitment is as follows: "The above-named defendant having waived his right to preliminary examination in the above-entitled action and it appearing to me that the offense charged in the complaint to-wit: that of maintaining a common nuisance has been committed and that there is sufficient cause to believe that the within named May Woodward and John Doe Woodward is guilty thereof, I order that he be held to answer the same and is bound over to the district court . . . . for trial, and is admitted to bail in the sum of Three Hundred Dollars . . . . and he is committed to the sheriff of Benewah County, Idaho, until he gives such bail." While this commitment does not throughout refer to the defendants in the plural, we are not thereby constrained to hold that it is fatally defective.

Other points raised by appellants under assignment No. 1 have been covered in passing upon the foregoing, and do not require separate discussion.

Appellants' second assignment of error is that the court erred in overruling the demurrer of each of the defendants to the information. This assignment is placed upon the ground that the pleader failed to state in the information that the purpose for which the intoxicating liquors were drunk was as a beverage, and that the omission of the statutory language "as a beverage" renders the information fatally defective. The information charges the commission of the offense in the same language as the complaint. C. S., sec. 8834, states: "The indictment (information) is sufficient if it can be understood therefrom: . . . . 6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language . . . . in such a manner as to enable a person of common understanding to know what is intended. . . . . " The word "drink," in the ordinary sense, means the use of a liquid as a beverage, to slake thirst, which may be thirst for intoxicants. We are further of the opinion that the information in stating that defendants kept intoxicating liquors in a boathouse and permitted persons to resort thereto for the purpose of drinking intoxicating liquors sufficiently negatives the idea that the drinking was for any lawful purpose. It is also suggested that C. S., sec. 2605, sufficiently meets appellants' objection. Under C. S., sec. 8835, "no indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits." We think that no substantial right of the defendants was prejudiced by any defect in the information herein.

In holding that the complaint is sufficient and that the information states facts constituting a public offense we have disposed of appellants' third and fourth assignments.

The judgment of the trial court is accordingly affirmed.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.