## LEE HAGGARD v. STATE.

No. A-7870. Opinion Filed June 19, 1931.
(1 Pac. [2d] 180.)

E. B. Hunt and G. W. Goad, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen, for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Delaware county of manslaughter in the first degree, and was sentenced to serve a term of 18 years in the state penitentiary.

The state's testimony discloses a state of facts about as follows: Defendant was a neighbor of T. J. Bolen, the deceased. There had been some disagreement between them about a line fence. Prior to the homicide, deceased had bought a small crop of corn on land adjoining defendant, but which belonged to a third person and which land defendant had leased for the following season. A few days after the purchase, deceased, on foot, and his son-in-law, Collingsworth, on horseback, were passing the patch of corn, and, seeing the tracks of hogs in it, they went in to investigate. Defendant was near the edge of the field armed with a pistol and a Winchester rifle. He accosted Collingsworth and struck at him with the rifle, the horse became unmanageable, broke the saddle girth, and Collingsworth fell to the ground. About that time, Bolen appeared, and defendant shot and killed him with the rifle, then snapped the rifle at Collingsworth, but it did not fire, and he drew a pistol and seriously wounded him. Neither Collingsworth nor deceased was armed. Defendant testified that the killing was in his necessary self-defense; that at the time he fired the fatal shot deceased had a pistol, was trying to shoot him, and at the time he shot Collingsworth he was attempting to draw a pistol. His testimony corroborates in several particulars the testimony of the state. The jury by its verdict has found the issues of fact against defendant.

The first contention is that the court should have sustained defendant's motion to quash the information. This motion alleges that a transcript of the testimony taken at the preliminary had been reduced to writing and filed with the court clerk. The contention is that, where a preliminary is held and testimony taken, the testimony must be transcribed and filed in order to give the court jurisdiction. The point is wholly untenable. While the statute, section 2491, Comp. Stat. 1921, subdivision 1, directs that the evidence taken be transcribed and filed, the transcribing and filing is not jurisdictional. Harris v. State, 18 Okla. Cr. 470, 196 Pac. 354. Argument is further made that the sheriff who verified the preliminary complaint had no positive knowledge of the facts stated in the complaint. A complaint positively verified and otherwise sufficient invokes the judicial functions of the magistrate, and the fact that the person verifying it did not have positive knowledge of the acts alleged is no reason for setting aside an information based on such preliminary complaint. Boswell v. State, 19 Okla. Cr. 443, 200 Pac. 256. Some claim is also made that the preliminary complaint is not indorsed by the county attorney as required by subdivision 3 of section 2491, Comp. Stat. 1921. Even if we should hold such a failure to be ground for quashing an information, the record does not disclose that the preliminary complaint was not indorsed, but, to the contrary, discloses that it was properly indorsed by the county attorney.

It is urged that defendant was not arraigned on the preliminary complaint and did not plead thereto. The record does not disclose whether or not defendant was arraigned. Whether he was or not is immaterial. Our statute, section 2490, Comp. Stat. 1921, makes it the duty of the magistrate to read the complaint to a defendant,

but does not require an arraignment. He had a preliminary, evidence was taken, a finding of probable cause made, and the order of the magistrate and the commitment was transmitted to the district court. Defendant could not have been injured by a failure to plead to the preliminary complaint.

It is further argued that the court erred in permitting testimony as to the extent of the injury of Collingsworth. In this there was no error. The fact of the shooting of Collingsworth tended to shed light upon the killing of Bolen, and was competent.

Some other matters are presented which have not been overlooked. None of them are of sufficient importance to call for discussion. Upon an examination of the entire record, we are satisfied defendant had a fair trial and that the evidence amply sustains the judgment.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.