# No. 13,882.

## BROCK *v.* THE PEOPLE.
### (54 P. [2d] 892)

Decided February 3, 1936.   Rehearing denied March 2, 1936.

Messrs. Mosko & Slatkin, Messrs. Fischer & Sarvas, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Walter F. Scherer, Assistant, for the people.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as defendant, was, on a verdict of guilty of statutory rape, sentenced to the penitentiary for a term of five to seven years. To review that judgment he prosecutes this writ and asks that it be made a supersedeas. All of the assignments argued and deserving of notice might be grouped as follows: (1) A motion against the information was improperly overruled; (2) there were improper rulings on the admission of evidence; (3) the evidence was insufficient to support the verdict; (4) three of defendant's tendered instructions were improperly rejected.

At the time of the alleged offense, February 16, 1935, the prosecuting witness, hereinafter referred to as "B,"

was fifteen years old. At the time of the trial, June 10, 1935, she was pregnant; according to one physician from three to five months; according to another about four and one-half months. The latter however testified that conception could date from about February 16. On the evening in question defendant and his wife's cousin, one Kent, were at a Denver dance hall and there picked up "B," and one "C" a girl of sixteen. Leaving about midnight they walked some distance to Kent's home, procured his coupe, and with him driving, "C" sitting next to him and "B" sitting on the lap of defendant whom she had just met for the first time, drove to a dance hall in Adams county. Leaving there shortly after they took a main highway, then turned off on a side road and stopped in an isolated place. Here about 3 a. m. the offense is alleged to have been committed. There is conflicting evidence concerning an assault, the resistance and cries of the girls, the building of a fire to warm them, and other incidental matters. Eventually all re-entered the car, sitting as before, and after driving a short distance Kent, bent upon some further attempt, stopped the car. Defendant and the girls, not in harmony with Kent's designs, departed on foot, walked a considerable distance, were then picked up by a passing motorist and taken to Aurora where the girls lived, arriving about 4 a. m. Defendant is a married man who has a child, at the time of the trial, about four months old. Each of the persons concerned in this escapade did more or less drinking during the course of the night. We consider the several alleged errors in the order argued by counsel for defendant.

█ 1. The supporting affidavit was made by the mother of the prosecuting witness. Defendant, on the ground that affiant had no personal knowledge of the commission of the act, moved to rescind the order granting leave to file the information and strike it from the files. Counsel concedes that the points made are covered by the following, holding personal knowledge unneces-

228

sary. *Holt v. People,* 23 Colo. 1, 45 Pac. 374; *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228; *Barr v. People,* 30 Colo. 522, 71 Pac. 392; *Overland C. M. Co. v. People,* 32 Colo. 263, 75 Pac. 924; *Wickham v. People,* 41 Colo. 345, 93 Pac. 478. However, because in none of these cases ''has there been filed a motion to revoke the leave granted to file the information'' they contend that a different rule should here be followed. We think the distinction is without merit.

2. The alleged defects in the evidence are: Want of proof that ''B'' was unmarried; insufficient evidence of the act charged; and insufficient proof of venue. It affirmatively appeared that ''B'' was not the wife of defendant and that she was unmarried at the time of trial. Even this went in over defendant's objection and there was no cross-examination on the subject. We think, taken with all the other evidence, that it was sufficient. In this kind of case the existence of such facts at the time of trial supports the conclusion of their existence at the prior date, or they may be properly presumed from others established. *Moya v. People,* 88 Colo. 139, 144, 293 Pac. 335; *State v. May,* 59 Wash. 414, 109 Pac. 1026.

3. ''B's'' testimony as to the commission of the act is positive and unequivocal. It is attacked because uncorroborated, and because, as to certain details, uncertain and contradicted. But the alleged defects in details may be easily explained and even natural. Corroboration is not essential. *McQueary v. People,* 48 Colo. 214, 219, 10 Pac. 210; *Peckham v. People,* 32 Colo. 140, 75 Pac. 422; *Dickens v. People,* 60 Colo. 141, 152 Pac. 909. Were it otherwise ample corroboration is here furnished by time, place, circumstances and the status of defendant. True, ''B'' testified to the use of force and certain ordinary indications thereof were absent. But such girls rarely admit complete consent and force is here immaterial. *Gibbs v. People,* 36 Colo. 452, 85 Pac. 425.

4. Defendant was asked on cross-examination

if he was married. Objection was made and overruled and this is assigned as error. It was most important. If a single man, pursuing the vagaries of courtship, some plausible excuse might be made for the time, the place and the company, compatible with an innocent intent. But if, as here, married, with a young wife about to give birth to her first child, the picture, in the eyes of reasonable men, takes on a sinister aspect.

5. Defendant was cross-examined, over objection, as to the conduct of Kent at the time and place in question. If this was not, strictly speaking, a part of the res gestae, it was admissible as bearing upon the frame of mind and intent of defendant and the probable relations of the parties. He admitted placidly watching Kent attempting the forcible rape of "C" under circumstances which left no explanation of his failure to interfere save that he could not rebuke in another conduct of which he himself was then and there guilty.

6. Evidence that on several occasions subsequent to the date in question defendant sought "B" at her home, and on some of them interviewed her, was objected to and its admission assigned as error. As he had first met her on the date of the alleged offense, and, considering his status, had no possible further concern with her if his conduct that night was devoid of offense, such evidence was material in corroboration of her version of the escapade.

7. Counsel for defendant sought to show that prior to the night in question "B" was possessed of sexual information and experience incompatible with her years "for the same reason that it is admitted in cases of forcible rape." Cases from other jurisdictions are relied upon, but these rest upon statutes materially different from our own. When the divergent facts are considered we find the ruling here entirely consistent with *Coplin v. People,* 67 Colo. 17, 185 Pac. 254.

8. One of the instructions refused relates to proof of venue, another is a caution against conviction

on uncorroborated testimony, and the last relates to evidence which it is alleged negatives that of force. The first of these was covered in the usual way by instructions given. As to the second, if otherwise correct, there was ample corroboration. As to the last this was not a charge of forcible rape. Had it been, reversal would have followed because of the absence of proof of essential facts.

The principal question presented by this record and these briefs is a question of fact, to be determined from conflicting testimony. In that field the jury, in the absence of prejudicial rulings on the law (which we are unable to find) is supreme. Many damning details have been omitted from our statement as unnecessary to our conclusions. As to these suffice it to say that, in the light of them, no reasonable man could, in our opinion, put an innocent construction on the admitted conduct of defendant, however mature and experienced "B" might have been and however reprehensible her conduct. The judgment is affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE HOLLAND concur.