330 P.2d 334

STATE of Idaho, Plaintiff-Appellant,

v.

James Allen HENDRICKS, Defendant-Respondent.

No. 8635.

Supreme Court of Idaho.

Sept. 30, 1958.

Graydon W. Smith, Atty. Gen., T. J. Jones, III, Asst. Atty. Gen., Dean Williams, Pros. Atty., Blackfoot, for appellant.

Anderson & Beebe, Blackfoot, for respondent.

KEETON, Chief Justice.

A criminal complaint in positive language, sworn to by one Phil Lowder, was.

filed in a justice court precinct of Bingham County, charging respondent with lewd and lascivious conduct, in violation of Sec. 18-6607, I.C. (Supp.).

Warrant for respondent's arrest was issued and served. On arraignment respondent filed a demurrer and a motion to quash the complaint and warrant of arrest, claiming that the justice was without jurisdiction of respondent's person or the alleged crime for the claimed reason that the complaining witness had no personal knowledge of the facts, and any knowledge which he might have was hearsay. The justice denied the motion and overruled the demurrer. Respondent then waived preliminary hearing and was held to answer said charge in the district court.

The prosecuting attorney filed an information in the district court charging respondent with the commission of the crime for which he had been held to answer. On arraignment respondent filed a motion to quash the information on the alleged grounds:

"That a warrant of arrest [referring to the warrant issued by the justice of the peace] issued upon the complaint in this proceeding is defective in a matter of substance in that the same is signed and sworn to by one Phil Lowder, the alleged step-father of one Estene Griffiths, the person against whom the acts alleged in said complaint were allegedly committed, and such alleged facts are based wholly upon hearsay and not upon facts within the personal knowledge of said complaining witness, and said warrant of arrest is not supported by any other sworn affidavits by any person or persons having personal knowledge of the alleged facts.

"That this court [meaning the district court] and the justice court, by reason of the foregoing, are wholly without jurisdiction in this matter and the warrant of arrest on said defective complaint and all things done pursuant thereto are wholly null and void."

Respondent made no showing to support the motion.

The district judge sustained the motion and entered an order dismissing the action, giving as reasons that the prosecuting attorney should have secured the sworn complaint or deposition of one or more persons with actual knowledge of the facts of the alleged crime. The State appealed from this order.

We could dispose of the appeal on the ground that respondent made no showing in support of the motion and the alleged facts on which the order sustaining the motion to quash was made are not supported by anything appearing in the record. However, as we deem the alleged facts on which the information was quashed, even if sup-

**348**

ported by affidavit or other proof, wholly insufficient to authorize the sustaining of the motion, we will decide the appeal on the merits.

Sec. 19-504, I.C. provides:

"When an information is laid before a magistrate of the commission of a public offense, triable within the county, he must examine, on oath, the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing and cause them to be subscribed by the parties making them."

Sec. 19-506, I.C. provides:

"If the magistrate is satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

■ A defendant charged with a crime and having been arrested and brought before a magistrate, where the offense charged is one that is triable in the district court, may demand a preliminary hearing, or waive the right to such hearing. Sec. 19-815, I.C.; State v. Woodward, 41 Idaho 353, 238 P. 525; State v. Larkins, 5 Idaho 200, 47 P. 945.

■ In cases where a defendant, accused of a public offense triable in the district court, waives preliminary hearing, no depositions to support the charge in the district court are required. The accused in such circumstances is held to answer for the crime charged in the criminal complaint filed with the committing magistrate. If an accused desires testimony taken before the committing magistrate, he could, by demanding, secure a preliminary hearing, and ascertain the facts on which the charge was based. Respondent having waived such hearing, he is not now in a position to complain. Where a preliminary hearing is had the information thereafter filed in the district court does not depend on the complaint filed with the committing magistrate but on the commitment and the facts shown by the preliminary hearing.

"A waiver of the preliminary examination by a person accused of a crime operates as an admission of the existence of sufficient evidence to justify the examining officer in holding him for trial. * * *" 34 Am.Jur. 936, Sec. 244.

See also, 22 C.J.S. Criminal Law Sec. 333 (b), p. 489.

■ Where a criminal complaint in legal form is verified as true in positive terms, such verification constitutes a sufficient showing of probable cause to authorize the issuance of a warrant of arrest, and if defendant waives a preliminary hearing, hold him for trial; and is sufficient to authorize the filing of an information in the district court and put the defendant on trial. Under such circumstances no issue can be

made as to the knowledge or want of knowledge of the facts charged on the part of the person who verified the criminal complaint. Boswell v. State, 19 Okl.Cr. 443, 200 P. 256. Other cases supporting this view are Haggard v. State, 51 Okl.Cr. 233, 1 P.2d 180; People v. Lee Look, 143 Cal. 216, 76 P. 1028; Brock v. People, 98 Colo. 225, 54 P.2d 892; McClendon v. Callahan, 46 Wash.2d 733, 284 P.2d 323; In re Mills Sing, 13 Cal.App. 736, 110 P. 693; Logan v. State, 42 Okl.Cr. 1, 274 P. 39. In the latter case a complaint filed before a justice of the peace was in positive terms, not on information and belief, and was held sufficient to authorize the magistrate to issue a warrant for the arrest of the accused.

Respondent contends that the proceeding here taken against him does not provide him with due process of law and contravenes the protection afforded by the Fourth and Fourteenth Amendments to the United States Constitution.

None of the constitutional rights of respondent was violated. He was furnished procedural safeguards at all stages of the proceeding. The warrant challenged was issued on a positive sworn statement of the complaining witness. Such criminal complaint is sufficient to authorize a magistrate to issue the warrant.

Unlawful search and seizure cases cited by respondent, State v. Arregui, 44 Idaho 43, 254 P. 788, 52 A.L.R. 463, and others,

where the officers, in order to secure evidence, engaged in rummaging expeditions without legal authority and without probable cause, are not authorities contrary to anything said in this opinion.

The order sustaining the motion to quash the information is reversed and the cause remanded with instructions to the trial judge to reinstate the information, overrule the motion, require respondent to plead, and proceed further in accordance with this opinion.

PORTER, TAYLOR, SMITH and Mc-QUADE, JJ., concur.