340 P.2d 447

**STATE of Idaho, Plaintiff-Appellant,**

**v.**

**Allan MORRIS, Defendant-Respondent.**

**No. 8600.**

Supreme Court of Idaho.

June 12, 1959.

Frank L. Benson, Atty. Gen., Robert D. Wennergren and Wm. E. Swope, Asst. Attys. Gen., Eugene Thomas, Pros. Atty., Boise, (Graydon W. Smith, former Atty. Gen., T. J. Jones, III, Alfred C. Hagan, former Asst. Attys. Gen. and J. Ray Durtschi, former Pros. Atty., Boise, on the brief), for appellant.

Vernon K. Smith, Boise, for respondent.

SMITH, Justice.

Appellant, by information filed May 4, 1957, charged respondent with the indictable misdemeanor of acting as a real estate salesman without a license on December 1, 1954, in violation of Idaho Code, § 54–2021. The case proceeded to trial upon respondent's plea of not guilty. Appellant having rested at the conclusion of its evidence, respondent demurred to the evidence, which the trial court treated as a demurrer to the information, as follows:

"That the Court has no jurisdiction to hear this action for the reason that the information shows upon its face that it was not filed within a period of one year from the alleged occurrence of the alleged act or crime, and that the information is insufficient upon its face in that it does not allege that any complaint was filed within one year."

The court sustained the demurrer, but afforded appellant opportunity to file a new or amended information to avoid the objection on which the demurrer was allowed, as provided by I.C. § 19–1707. Appellant elected not to file a new or amended information, preferring to appeal from the judgment sustaining the demurrer, thereby to obtain a ruling, as authorized by I.C. §§ 19–2808 and 19–2804, subd. 5; State v. Eubanks, 77 Idaho 439, 294 P.2d 273.

Appellant's single assignment of error raises the question whether the district

court erred in sustaining the demurrer. Appellant then states the single issue involved: "Is it necessary in filing an Information to anticipate a defense of the statute of limitations and negative this defense by setting forth facts which avoid the statute or show that the statute was complied with where the files and records of the case other than the Information affirmatively show that the statute was complied with?"

Appellant refers to I.C. § 19–403, before the 1953 amendment, which reads:

"An indictment for any misdemeanor must be found within one year after its commission."

and to such section of the statute after amendment by Idaho Sess.Laws '53, ch. 168, § 2, which reads:

"A prosecution for any misdemeanor must be commenced by the filing of the complaint or the finding of an indictment within one year after its commission."

I.C. § 19–1304 provides that the provisions of the Code in relation to indictments shall, as near as may be, apply to informations upon all prosecutions and proceedings thereon.

Respondent demurred to the evidence, which the trial court treated as a demurrer to the information as permitted by I.C. § 19–1703, which provides:

"The defendant may demur to the indictment when it appears upon the face thereof, either:

\* \* \* \* \* \*

"4. That the facts stated do not constitute a public offense.

"5. That the indictment contains any matter which, if true, would constitute a \* \* \* legal bar to the prosecution."

and by I.C. § 19–1711, which reads:

"When the objections declared grounds of demurrer by this chapter appear upon the face of the indictment, they can only be taken by demurrer, except that the objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial under the plea of not guilty \* \* \*."

I.C. § 19–404 reserves for the benefit of the state the exception contained therein that no time during which an accused is not an inhabitant of, or usually resident within, this state shall constitute a part of the limitation. State v. Steensland, 33 Idaho 529, 195 P. 1080, 13 A.L.R. 1442; State v. Bilboa, 38 Idaho 92, 98, 213 P. 1025, 222 P. 785. In State v. Steensland, this Court said [33 Idaho 529, 195 P. 1081]:

"The exception contained in the statute is not one enacted for the benefit of the accused, but for the benefit of

the state. By C.S., § 8703 [I.C. § 19–403 prior to 1953 amendment], it is provided that the indictment must be found within one year after the commission of the offense when it is a misdemeanor. But it is provided in C.S., § 8704 [I.C. § 19–404], that the state does not grant this absolute bar, but reserves to itself the right to prosecute and punish, in cases * * * when the accused was absent or not usually resident within the state during a portion of the time, and there is excluded from the computation such period of time as the accused may be absent or not usually resident in the state. The exception being for the benefit of the state, it is incumbent upon the state to show that it obtains."

I.C. § 19–403, as amended by Idaho Sess. Laws '53, ch. 168, § 2, sets forth the additional exceptions, that prosecution for a misdemeanor must be commenced by the filing of a complaint or finding of an indictment within one year after its commission. Those exceptions also are for the benefit of the state, since in a proper case with proper pleading, the bar of the one year statute of limitation may be tolled.

 This Court also is committed to the doctrine that the time within which an offense is committed is a jurisdictional fact in all cases subject to limitation. State v. Steensland, supra; State v. Bilboa, supra.

In the Steensland case this Court stated the rule:

"We are of the opinion, however, that the statute [C.S., § 8703, now I.C. § 19–403] does not offer a privilege which requires any action on the part of the accused either to accept or reject; that, on the contrary, the state has seen fit to deprive itself of the right to prosecute in all cases coming within the terms of the statute; and that the time within which an offense is committed thus becomes a jurisdictional fact in all cases subject to limitation."

 It is thus clear that under I.C. § 19–403, prior to the 1953 amendment as construed in State v. Steensland, supra, and State v. Bilboa, supra, where an indictment or information charging a misdemeanor showed on its face that the offense was committed more than one year prior to the filing of such indictment or information, the pleading was demurrable. If the state relied upon absence of the defendant from the state to toll the statute, the fact of such absence prior to the amendment of I.C. § 19–403, and now under the amendment, must be alleged in the indictment or information; in such a case absence from the state was, and is, a jurisdictional fact, and such fact is denied and put in issue by a plea of not guilty. Upon trial that fact is tried with other issues and upon its determination depends the jurisdiction of the

court. Thus, it is said to be a jurisdictional fact. Such theory is recognized in State v. Steensland, supra, in the following quotation from that case:

"Since there may be conditions existing under which the accused may be tried and convicted of an offense committed prior to the statutory period of limitation, it does not necessarily follow that the court is without jurisdiction to proceed in a case though the indictment or information alleges the offense was committed prior to the statutory period. Under section 8878 [I.C. § 19–1711], a plea of not guilty presents as an issue of fact the question of the bar of the statute. Where the issue is so raised, upon the trial the state must prove the commission of the offense within the statutory period, or the existence of conditions which preserve the right in the state to prosecute after the time limited by the statute."

■ The 1953 amendment of I.C. § 19–403 made the rule of the Steensland and Bilboa cases inapplicable to a case such as the one at bar. The amendment provided, in effect, that the running of the statute was tolled "by the filing of the complaint." The complaint in this case, shown by the certificate of the magistrate as filed December 2, 1954, the day after the commission of the alleged offense, satisfies the statute of limitations, and the court had complete jurisdiction to proceed.

■ Respondent urges that the state must allege in the information that the complaint was filed within one year after the commission of the alleged offense. With this proposition we do not agree. The docket, certified by the probate judge acting as the committing magistrate, was filed in the district court. This record shows the date the complaint was filed and warrant issued and contains a copy of the complaint, warrant of arrest, and return thereon. This record is required to be filed with the clerk of the district court and becomes a part of that court's record in the case. I. C. § 19–825.

In cases where no other depositions of witnesses are taken by the magistrate, the criminal complaint serves the dual purpose of commencing the prosecution and serving as a deposition upon which the warrant is issued. I.C. §§ 19–501, 19–504, 19–505, 19–506, 19–516; State v. McGreevey, 17 Idaho 453, 464, 105 P. 1047; State v. Andrus, 29 Idaho 1, 156 P. 421; State v. Woodward, 41 Idaho 353, 355, 238 P. 525; State v. Hendricks, 80 Idaho 344, 330 P.2d 334; State v. Parker, Idaho, 336 P.2d 318.

■ Even if the recognition of the criminal complaint as a deposition, under I.C. § 19–825, be questioned, the record certified by the committing magistrate, shows the

date the complaint was filed, and *must* contain the warrant when there is a warrant. Therefore, under the law, the district court's own record reveals the date the prosecution was commenced. The district court will take judicial notice of its own records in the case before it. I.C. § 9–101; Robinson v. Robinson, 70 Idaho 122, 126, 212 P.2d 1031; Donald v. State, Tex.Cr. App., 306 S.W.2d 360; 1 Wharton's Criminal Evidence 52, § 41.

"Neither presumptions of law nor matters of which judicial notice is taken, need be stated in an indictment." I. C. § 19–1421.

█ If the official record before the court discloses that the complaint was filed within the statutory time then such is not an issuable fact, but if it does not so show, then it becomes an issuable fact.

The date of commencement of the prosecution in the instant case, viz., December 2, 1954, which was before the trial court, as shown by its official record, thus was not an issuable fact to be tried in the case. It was not a fact disputed by a plea of not guilty. The allegation of such a fact in the information would constitute pure surplusage; it would add nothing to the information and would raise no issue to be tried by the jury.

Should the verity of the record, in any case, be challenged as to the date the complaint was filed, the court itself of necessity would determine that fact, before entering upon the trial of the case; and if it determined that the complaint was not filed within a year, it would be compelled to dismiss the action; otherwise, it would proceed to trial.

In any event, the record in the case here before us imports verity and the statute, I.C. § 19–1421, does not require the record to be reiterated in the information.

In our search of the authorities we have found no case, and defense counsel has cited none, holding that where a criminal complaint is filed or prosecution commenced before a magistrate within the period of limitations, that it is necessary to allege in the indictment or information, thereafter filed in the trial court, that the complaint was filed or that the prosecution was commenced within the period of limitations. On the contrary, we have found several decisions which hold that in such case the court will look into the record and, if the record shows the prosecution was timely commenced, the prosecution may proceed, though the information may show upon its face that the offense was committed more than the statutory period prior to the filing thereof. State v. White, 76 Kan. 654, 92 P. 829, 830, 14 L.R.A.,N.S., 556; State v. Bowman, 106 Kan. 430, 188 P. 242; State v. Woolworth, 148 Kan. 180, 81 P.2d 43; State v. Schonenberger, 173 Kan. 665, 250 P.2d 777; Miller v. Commonwealth, 270

Ky. 378, 109 S.W.2d 841; Emery v. State, 138 Neb. 776, 295 N.W. 417; People v. McGowan, 415 Ill. 375, 114 N.E.2d 407.

In the case at bar since the district court's record shows the complaint to have been filed within the period of limitations, the demurrer to the evidence, which the trial court treated as a demurrer to the information, should have been overruled.

TAYLOR, KNUDSON and McQUADE, JJ., and MARTIN, District Judge, concur.

PORTER, C. J., not participating.