# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43588

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 352** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 3, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **REBECCA LEE AHLERS-SCHAPER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge; Hon. Justin Julian, Magistrate.

Judgment of conviction for possession of controlled substance, <u>affirmed</u>.

Rebecca Lee Ahlers-Schaper, Oldtown, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Rebecca Lee Ahlers-Schaper appeals from her judgment of conviction for possession of a controlled substance, Idaho Code § 37-2732(c)(1). Ahlers-Schaper specifically argues the magistrate erred in denying her standby counsel. Ahlers-Schaper further contends the district court erred by denying Ahlers-Schaper her right to be represented by conflict-free counsel; denying her motion to dismiss for lack of subject matter jurisdiction; denying her motion to dismiss for untimely filing of the information; and denying her motion to disqualify the court for cause. Ahlers-Schaper seeks attorney fees and costs on appeal. For the reasons explained below, we affirm the judgment of conviction and deny attorney fees and costs.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In case number CR-2014-4915, the State charged Ahlers-Schaper with felony possession of a controlled substance pursuant to Idaho Code § 37-2732(c)(1). At a preliminary hearing, Ahlers-Schaper requested the court dismiss the case. The State did not object to dismissal without prejudice. The State then refiled the felony charge in case number CR-2014-6874. Ahlers-Schaper appeared before the magistrate and indicated Ahlers-Schaper wanted to be "assisted by [a] public defender" but still represent herself. The magistrate appointed a public defender and clarified in an order that Ahlers-Schaper only wanted standby counsel.

At the preliminary hearing for the refiled felony, Ahlers-Schaper appeared with her standby counsel but informed the magistrate that Ahlers-Schaper "did not request a public defender to speak for [her]." Ahlers-Schaper stated that she and her standby counsel were unable to agree on "what was necessary" for Ahlers-Schaper's defense and that her standby counsel "refused to assist" Ahlers-Schaper. The magistrate excused Ahlers-Schaper's standby counsel, noting that Ahlers-Schaper previously expressed she wanted to represent herself and that she verbally "abus[ed]" and "bad-mouth[ed]" her attorney. The preliminary hearing proceeded with Ahlers-Schaper representing herself.

Ahlers-Schaper appeared for arraignment before the district court and indicated Ahlers-Schaper was trying to obtain counsel, so the district court continued the hearing. At the continued hearing, Ahlers-Schaper again appeared pro se and asked for more time to secure counsel. The district court again continued the hearing. At the next reset hearing, Ahlers-Schaper again appeared pro se but explained she was confident she was going to secure counsel. The district court entered a not guilty plea, set the trial date and pretrial conference, and informed Ahlers-Schaper:

> [K]eep us posted if you aren't getting an attorney and we start moving up on that trial date, you're going to want to ask to come into court and have me look at that and see if there's something we can do.
>
> . . . .
>
> . . . I don't want you going forward and getting up close to a trial date and not having counsel on a felony.

Ahlers-Schaper appeared pro se at her pretrial conference and stated she was still trying to obtain counsel. Expressing a need to keep the case moving, the district court appointed counsel and informed Ahlers-Schaper that she had "to work with" her appointed counsel. On the

2

same day as the pretrial conference, Ahlers-Schaper wrote a letter to the district court requesting substitute counsel and describing Ahlers-Schaper's conflict with her appointed counsel. The district court denied the request, noting it reviewed Ahlers-Schaper's file, listened to the audio recording of the preliminary hearing before the magistrate, and did not find there was a conflict. Ahlers-Schaper's counsel filed an updated notice of appearance, indicating that she was appearing as standby counsel again. But at the next pretrial conference, the district court informed Ahlers-Schaper and her attorney that it had appointed Ahlers-Schaper's attorney as actual counsel, not standby counsel. Ahlers-Schaper's attorney confirmed that she "didn't take it that [she] was standby." Ahlers-Schaper objected and requested her attorney be removed from the case. Ahlers-Schaper informed the district court that she would rather represent herself than be represented by her attorney. However, Ahlers-Schaper soon after requested substitute counsel. The district court denied the request, informing Ahlers-Schaper that she "can't have it both ways" and that she already had competent counsel. Ahlers-Schaper announced that she refused to work with her attorney and again requested the attorney be removed from the case. The district court stated, "And that's been denied. Several times now. Your choices are to have the public defender's office . . . represent you, or to represent yourself or to hire your own attorney." Ahlers-Schaper indicated she would hire her own attorney. But as the court proceedings continued, she was represented by her appointed counsel.

Ahlers-Schaper filed numerous pretrial motions on her own and without her attorney's signature, including a motion for substitute counsel, a motion to dismiss for lack of subject matter jurisdiction, and a motion to dismiss for untimely filing of the information. The district court denied these motions on the morning of trial, reasoning they were untimely. After the jury was selected and without the attorney's signature, Ahlers-Schaper filed a motion to disqualify the court for cause. The jury ultimately found Ahlers-Schaper guilty of possession of a controlled substance.

After trial, Ahlers-Schaper continued to file more motions without her attorney. The attorney moved to withdraw, which the district court granted. The district court denied Ahlers-Schaper's motion to disqualify the court for cause. Ahlers-Schaper timely appeals from her conviction and requests attorney fees and costs on appeal.

3

## II.

## ANALYSIS

### A.    Denial of Standby Counsel

Ahlers-Schaper argues the magistrate erred in denying standby counsel. We note there is no constitutional right to standby counsel. *State v. Averett*, 142 Idaho 879, 886, 136 P.3d 350, 357 (Ct. App. 2006). A court's decision whether to appoint standby counsel is reviewed under an abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

At a preliminary hearing, Ahlers-Schaper informed the magistrate that "the attorney and I did not agree on what was necessary for me to--we didn't agree on what was necessary in my defense." Ahlers-Schaper also indicated that she "did not request a public defender to speak for me." The magistrate responded, "If you don't want an attorney I'll excuse [her] right now." The magistrate then noted that Ahlers-Schaper was "abusing" and "badmouthing" her attorney. Ahlers-Schaper indicated her attorney "refused to assist" Ahlers-Schaper, she had the right to represent herself, and she had the right to a court-appointed attorney. The magistrate then excused Ahlers-Schaper's attorney and later entered an order removing Ahlers-Schaper's standby counsel as attorney of record. Given the issues Ahlers-Schaper had with her standby counsel and Ahlers-Schaper's expressed refusal to work with her attorney, it was within the magistrate's discretion to remove Ahlers-Schaper's standby counsel. In sum, the magistrate did not err in removing Ahlers-Schaper's standby counsel.

### B.    Substitute Counsel

Ahlers-Schaper further argues the district court erred in denying Ahlers-Schaper's requests for substitute counsel. Specifically, Ahlers-Schaper argues the district court denied Ahlers-Schaper's right to be represented by conflict-free counsel by refusing to appoint substitute counsel. A trial court may appoint substitute counsel for an indigent defendant upon a showing of good cause. *State v. Nath*, 137 Idaho 712, 714-15, 52 P.3d 857, 859-60 (2002). Whether substitute counsel should be provided is a decision that lies within the sound discretion

4

of the trial court and will be reviewed on appeal for an abuse of discretion. *Id.* at 715, 52 P.3d at 860. The trial court's decision will only be regarded as an abuse of discretion if it violated the defendant's Sixth Amendment right to counsel. *Id.*

The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." The amendment has been interpreted to include the right to be represented by conflict-free counsel. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). In order to ensure that a defendant receives conflict-free counsel, a trial court has an affirmative duty to inquire into a potential conflict whenever it knows or "reasonably should know that a particular conflict may exist." *State v. Lovelace*, 140 Idaho 53, 60, 90 P.3d 278, 285 (2003).

The trial court must afford the defendant a full and fair opportunity to present the facts and reasons in support of a motion for substitution of counsel after having been made aware of the problems involved. *State v. Clayton*, 100 Idaho 896, 898, 606 P.2d 1000, 1002 (1980). Good cause includes an actual conflict of interest; a complete, irrevocable breakdown of communication; or an irreconcilable conflict which leads to an apparently unjust verdict. *State v. Lippert*, 145 Idaho 586, 596, 181 P.3d 512, 522 (Ct. App. 2007). If good cause is shown, the defendant is constitutionally entitled to an appointment of new counsel. *Id.* at 597, 181 P.3d at 523. A defendant may not, however, manufacture good cause by abusive or uncooperative behavior. *Id.*

The district court did not abuse its discretion in determining a conflict did not exist between Ahlers-Schaper and her attorney. Throughout the trial proceedings, Ahlers-Schaper failed to provide evidence of a conflict with her attorney. Rather, the district court observed that "there have been some personality conflicts." The record, which the district court reviewed, demonstrates that Ahlers-Schaper was verbally abusive towards her attorney. Such conduct does not rise to the level of good cause for substitute counsel. Moreover, on appeal Ahlers-Schaper does not point to a single specific instance that suggests a conflict existed--whether it be an actual conflict of interest or an irreconcilable conflict.

Turning first to an actual conflict of interest, Ahlers-Schaper bears the burden of showing "active representation of competing interests" in order to establish a conflict of interest implicating the burden of the Sixth Amendment. *Burger v. Kemp*, 483 U.S. 776, 783 (1987). In addition to showing an active representation of competing interests, she must show that an actual

5

conflict adversely affected her counsel's performance. *Holloway v. Arkansas*, 435 U.S. 475, 482-83 (1978). The Idaho Rules of Professional Conduct set forth the standards for conflicts of interest:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.

I.R.P.C. 1.7. Ahlers-Schaper has not met her burden to show that her attorney actively represented competing interests or that a conflict affected counsel's performance. Ahlers-Schaper provides no evidence or argument on these issues. In fact, she does not even allege that her attorney's representation involved a concurrent conflict of interest. Ahlers-Schaper instead makes conclusory allegations: "there were irreconcilable conflicts with [counsel]," counsel's "performance was severally [sic] hampered," "there was [sic] objections that was [sic] not made when I requested her to do so," "her questioning of state's witnesses was sub standard," and "her overall presentation showed her lack of preparedness." Such conclusory allegations are insufficient to establish a conflict of interest.

The record also does not indicate an irreconcilable conflict existed between Ahlers-Schaper and her attorney. On the contrary, Ahlers-Schaper informed the district court that she wanted counsel, so the district court appointed counsel and counsel understood she was not standby counsel. Ahlers-Schaper wanted to take her case to trial, and her attorney took the case to trial. While it is clear that Ahlers-Schaper did not want to work with counsel, verbal abuse and refusal to cooperate do not constitute good cause for substitute counsel. In sum, because Ahlers-Schaper failed to make a showing of good cause for substitute counsel, the district court did not err in refusing to appoint substitute counsel.

## C. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Ahlers-Schaper maintains the district court erred in denying Ahlers-Schaper's motion to dismiss for lack of subject matter jurisdiction. Whether a court lacks jurisdiction is a question of law that can be raised at any time and over which appellate courts exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Subject matter jurisdiction is the power to

hear and determine cases. *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011). Article V, Section 20 of the Idaho Constitution provides that the district court shall have original jurisdiction in all cases, both at law and in equity. Idaho Code § 1-705 grants the district court original jurisdiction in all case proceedings. The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004).

Here, the State filed a criminal complaint alleging a felony offense was committed by Ahlers-Schaper within the state of Idaho. The district court therefore had subject matter jurisdiction over the case. Ahlers-Schaper argues, however, that a criminal case may only be initiated by an indictment or information and cites to Article I, Section 8 of the Idaho Constitution for support. Ahlers-Schaper misreads this provision. Article I, Section 8 provides that "no person shall be held to answer for any felony or criminal offense . . . unless on presentment or indictment of a grand jury or on information of the public prosecutor . . . ." But "held to answer" refers to a defendant's arraignment, and thus this provision does not apply to the initiation of a criminal case. Idaho Code § 19-815; *State v. Hendricks*, 80 Idaho 344, 348, 330 P.2d 334, 336 (1958). Ahlers-Schaper further argues the district court lacked subject matter jurisdiction because the Idaho Legislature enacted laws within the Idaho Code for the "state of Idaho," which is apparently not properly capitalized and is therefore null and void. While Ahlers-Schaper provides various examples of statutes, excerpts from writing style manuals, Constitutional provisions and case law, she does not provide relevant authority that supports her arguments. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, we are unable to find authority to support her argument that the entirety of the Idaho Code is null and void because "state of Idaho" is not capitalized throughout the text. The district court therefore did not err in denying Ahlers-Schaper's motion to dismiss for lack of subject matter jurisdiction.

It should be noted that this motion to dismiss was filed by Ahlers-Schaper without her attorney's signature. Pursuant to Idaho Criminal Rule 49(a), "Written motions . . . shall be served upon each party and filed within the time and in the manner provided by the civil rules." Idaho Rule of Civil Procedure 11(a) requires: "Every pleading, written motion, and other paper . . . be signed by at least one attorney of record licensed in the State of Idaho . . . or by a party personally if the party is unrepresented." Ahlers-Schaper was represented by counsel, but

7

Ahlers-Schaper filed the motion to dismiss without her attorney's signature. The motion was not properly filed. For this additional reason, the district court did not err in denying Ahlers-Schaper's motion to dismiss for lack of subject matter jurisdiction.

## D. Motion to Dismiss for Untimely Filing of the Information

Next, Ahlers-Schaper maintains the district court erred in denying Ahlers-Schaper's motion to dismiss for untimely filing of the information.[1] She, however, specifically argues that because the information was not filed within six months of the arrest in her original case, it was untimely pursuant to Idaho Code § 19-3501(1).

Under I.C. § 19-3501(1), dismissal is required if no indictment or information is filed within six months of the defendant's arrest. The initial case was dismissed on October 22, 2014. A new case was filed and a summons was issued on October 29, 2014. The statutory clock restarted upon the issuance of the October 29, 2014, summons, and the State had six months thereafter to file an information. *See State v. Mason*, 111 Idaho 660, 663, 726 P.2d 772, 775 (Ct. App. 1986) (holding that when an original charge is dismissed and a new case is later filed, the summons to appear on the new charge is the functional equivalent of an arrest, and the statutory clock therefore runs anew from the date of the service of summons). The State filed an information on December 24, 2014--approximately two months after the service of summons in the refiled case. Thus, the information was filed well within the six-month time limit. Thus, the district court did not abuse its discretion in denying Ahlers-Schaper's motion to dismiss.

## E. Motion to Disqualify for Cause

Ahlers-Schaper additionally argues the district court erred in not timely addressing Ahlers-Schaper's motion to disqualify the judge for cause. Ahlers-Schaper filed the Idaho Criminal Rule 25(b)(4) motion in June 2015, arguing that the district court demonstrated bias and prejudice in violating Ahlers-Schaper's right to counsel.[2] The district court took up the

---

[1] On appeal, Ahlers-Schaper couches her motion to dismiss as another motion to dismiss for lack of jurisdiction. But this particular motion to dismiss clearly alleges a violation for untimely filing of the information.

[2] Idaho Criminal Rule 25(b)(4) permits a party to disqualify a judge for bias or prejudice. Under the rule: "Any party to an action may disqualify a judge . . . from presiding in any action" if "[t]hat judge . . . is biased or prejudiced for or against any party or that party's case in the action."

8

matter at a post-trial hearing in July 2015 and denied the motion, determining the motion was not timely filed, and Ahlers-Schaper did not have any cause to disqualify the court. Ahlers-Schaper argues, for the first time on appeal, that her motion should have stopped the trial proceedings and should have been resolved before the district court made any rulings. Ahlers-Schaper did not object at trial to the district court's timing in addressing the motion.[3]

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Here, Ahlers-Schaper is unable to demonstrate that the district court's timing in addressing Ahlers-Schaper's I.C.R. 25(b)(4) motion constitutes a constitutional violation. Certainly the merits of her I.C.R. 25(b)(4) motion involve constitutional violations--specifically, her Sixth Amendment right to counsel. But the district court's alleged failure to timely address

---

[3]     We note that the district court did not address the motion at trial, which arguably prevented Ahlers-Schaper from objecting. But Ahlers-Schaper did not properly file her motion. Pursuant to Idaho Criminal Rule 49(a), "[w]ritten motions . . . shall be served upon each party and filed within the time and in the manner provided by the civil rules." The Idaho Rules of Civil Procedure provide that "a written motion . . . and, if a hearing is requested, the notice of hearing for the motion, must be filed with the court and served so as to be received by the parties at least 14 days prior to the day designated for hearing." I.R.C.P. 7(b)(3)(A). The record does not indicate that Ahlers-Schaper served her motion on the State or that Ahlers-Schaper requested a hearing. Moreover, I.R.C.P. 11(a) requires "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record licensed in the State of Idaho . . . or by a party personally if the party is unrepresented." Ahlers-Schaper was represented by counsel but filed this motion without the attorney's signature. Thus, Ahlers-Schaper's motion for disqualification was not properly filed, which may explain why the district court did not address the motion at trial.

Ahlers-Schaper's motion does not implicate her constitutional rights. Ahlers-Schaper argues otherwise, maintaining the district court's "actions constitutes [sic] an abuse of discretion and a violation of Appellant's due process rights" and are "strictly prohibited by the governing authority of the Constitution of the State of Idaho in the only sentence of the second paragraph of Section 1, Article V of the Constitution of the State of Idaho." Her arguments are conclusory and unsupported by applicable legal authority. For instance, Ahlers-Schaper does not explain how the district court violated Ahlers-Schaper's due process rights. Nor does she explain how the district court violated the second paragraph of Article V, Section 1 of the Idaho Constitution--which states that "feigned issues are prohibited, and the fact at issue shall be tried by order of court before a jury." We are unable to see the relevance of this constitutional provision. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Thus, Ahlers-Schaper cannot establish this issue is reviewable under fundamental error.

F.      **Attorney Fees and Costs on Appeal**

Lastly, Ahlers-Schaper requests attorney fees and costs on appeal. Idaho courts have "consistently held that '[c]osts are allowed against the state only where provided by statute or by necessary implication.'" *State v. Thompson*, 119 Idaho 67, 70, 803 P.2d 973, 976 (1989) (quoting *Chastain's Inc. v. State Tax Comm'n*, 72 Idaho 344, 350, 241 P.2d 167, 170 (1952)). In criminal cases, costs and attorney fees have been denied for lack of statutory authority allowing for such an award. *See State v. Rae*, 139 Idaho 650, 656-57, 84 P.3d 586, 592-93 (Ct. App. 2004); *State v. Roll*, 118 Idaho 936, 940, 801 P.2d 1287, 1291 (Ct. App. 1990); *State v. Spurr*, 114 Idaho 277, 280, 755 P.2d 1315, 1318 (Ct. App. 1988); *State v. Peterson*, 113 Idaho 554, 556, 746 P.2d 1013, 1015 (Ct. App. 1987). The courts presently have no authority to award attorney fees and costs in criminal cases on appeal. Even if we had such authority, "pro se litigants are not entitled to attorney fees." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009). We therefore deny Ahlers-Schaper's request for attorney fees and costs.

## III.

## CONCLUSION

The magistrate did not abuse its discretion in removing Ahlers-Schaper's standby counsel due to Ahlers-Schaper's expressed refusal to work with counsel. The district court did not abuse its discretion in denying Ahlers-Schaper's requests for substitute counsel because Ahlers-

Schaper did not establish good cause. Additionally, the district court did not err in denying Ahlers-Schaper's motion to dismiss for lack of subject matter jurisdiction. The district court also did not abuse its discretion in denying Ahlers-Schaper's motion to dismiss for untimely filing of the information because the information was filed within the six-month time limit. Lastly, Ahlers-Schaper's argument that the district court erred in not timely addressing Ahlers-Schaper's motion to disqualify the court for cause is not preserved for appeal. We therefore affirm Ahlers-Schaper's judgment of conviction for possession of a controlled substance and deny attorney fees and costs on appeal.

Judge MELANSON and Judge HUSKEY **CONCUR**.