IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39106

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 591 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARTIN H. BETTWIESER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge; Hon. L. Kevin Swain, Magistrate.

District court's order dismissing appeal, affirmed.

Martin H. Bettwieser, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Martin H. Bettwieser appeals from the district court's dismissal of his appeal from his conviction for a traffic infraction. We affirm.

## I.

## BACKGROUND

Bettwieser was cited for the traffic infraction of driving without a safety restraint, in violation of Idaho Code § 49-673. On July 27, 2010, a notice of hearing was filed stating that a "court trial conference" was scheduled for August 31, 2010. Four days before the conference, Bettwieser filed a motion to dismiss the charge and a memorandum in support, contending that Idaho Code § 49-673(2)(d) exempts mail carriers from seat belt requirements and because he was a mail carrier, the prosecution should end. In support of his motion he filed supporting documents, including his affidavit, the registration for his vehicle showing a license plate number of "GNPOSTL," and his United States Postal Service identification badge.

1

No trial conference was held.[1]  Instead, on August 31, 2010, the magistrate wrote on a minute entry "Case Unresolved" and entered an order scheduling a court trial for November 3, 2010.  Bettwieser responded by filing a "second motion to dismiss and to expedite ruling" and supporting memorandum stating, in essence, that because the prosecution had failed to timely respond to his motion he was entitled to "summary judgment."  The magistrate denied the motion by handwritten notation thereon stating:  "Will take up all motions 11/3/10 at 1:15."  Instead of a certificate of service, "CC to Def" was written on the bottom of the motion/order.

A minute entry in the court record reflects that at trial the magistrate denied Bettwieser's motion and found him guilty of the infraction.  Bettwieser filed a "motion to reconsider or for new trial" asserting, among other things, trial error and that he was "denied a pretrial . . . summary motion to dismiss without opportunity for discovery or to offer or present or counter evidence at the hearing."  Therein, Bettwieser asserted that "the court must reconsider it's [sic] previous ruling and reverse and dismiss this case as set fourth [sic] in Bettwieser's previous motions or reverse and allow his procedural and due process rights under the law and constitution and allow a new trial."  A month later, the magistrate denied the motion by handwritten notation on the bottom of the motion stating:  "Defendant was advised of right to appeal."

Bettwieser appealed to the district court.  His notice of appeal stated that "[t]he issues presented will be a matter of law according to the clerks [sic] record" and that "[i]ssues include whether the magistrates [sic] decisions were constitutional, proper and or legal according to the judicial notice that was before it, in the denying the motion to dismiss, motion for new trial and judgment of conviction."  Thereafter, the district court entered an order stating "that a transcript of all the testimony of the original trial or hearing is required by Appellant to resolve the issues on appeal."  The order further directed Bettwieser to pay for the trial transcript (at an estimated cost of $55.25) within fourteen days and set a briefing schedule based upon the time the transcript was filed.

Bettwieser objected and filed a motion to amend the order to eliminate the transcript requirement.  The motion stated simply that in the notice of appeal "it was implied that the issues on appeal were to be a matter of law only where no transcript was needed and could be decided

---

[1]     According to Bettwieser's affidavit, the magistrate had the prosecutor inform Bettwieser that no hearing would occur that day.

2

on the record which included the clerks [sic] record." The district court did not rule on the motion but instead, some two months later, filed an order conditionally dismissing the appeal unless the transcript was paid for within fourteen days of the filing of the order. Bettwieser again objected and filed a motion to vacate the conditional order stating that "[s]ince the issues on appeal were a matter of law, the clerks [sic] record was sufficient and transcript was not needed." The district court then issued an order vacating the conditional order but denying the motion to amend, stating that "[a]lthough Bettwieser asserts that the case involves issues of law only, the file and Bettwieser's motions indicate that some sort of proceeding was held [at the November 3 trial] at which certain motions were determined, but the clerk's record does not reveal the basis for those determinations." The district court again ruled that the transcript was necessary in order to ascertain what happened at the trial and it gave Bettwieser fourteen days from the filing of the order to pay for the transcript and directed that "[f]ailure to pay the transcript fee within the time allowed will result in dismissal of this appeal without further notice." Bettwieser did not pay, but instead filed a "motion to clarify and reconsider," stating that "no factual issues" were presented in his appeal and questioning the district court's authority to determine the scope of the appeal. The district court then issued an order denying the motion to clarify and dismissing the appeal.

Bettwieser appeals to this Court from the order of dismissal.

## II.

## ANALYSIS

In his appellant's brief to this Court, Bettwieser first asserts that the district court erred in dismissing his appeal for want of a trial transcript because the transcript was not necessary to address the issues he wanted to raise on intermediate appeal. He next argues to this Court the three magistrate court errors that he wished to raise before the district court but was precluded from presenting by the district court's action.

Having examined the alleged claims of error by the magistrate, we agree that the district court could have disposed of those claims of error without a transcript and we will do so now, albeit not to Bettwieser's benefit as we find them all to be without merit.

Bettwieser asserts that: (1) the magistrate erred by not granting his pretrial motion to dismiss because he proved that he was a mail carrier exempt from the statute; (2) because the prosecution did not respond with any evidence to the contrary or oppose the motion, he was

3

entitled to summary judgment on the issue; and (3) he was unjustly treated and denied access to the courts by being denied the opportunity to resolve the issue of whether he was a mail carrier at a pretrial hearing.

All of these claims of error are without merit because no Idaho procedural law allows a defendant to seek or obtain a pretrial ruling on what is exclusively a trial issue. The Idaho Infraction Rules govern the prosecution and processing of infractions. Idaho Infraction Rule 1 states that "[t]he Misdemeanor Criminal Rules shall apply to the processing of infraction citations and complaints to the extent they are not in conflict with these specific rules." In turn, M.C.R. 1 incorporates the Idaho Criminal Rules to the extent they are not in conflict with the Misdemeanor Criminal Rules. Thus, Bettwieser's motion to dismiss the infraction charge was subject to the Infraction Rules, Misdemeanor Criminal Rules, and Idaho Criminal Rules. None of those rules authorize motions to dismiss of the sort brought by Bettwieser.

Idaho Criminal Rule 12(b) does address motions to dismiss charges. It states: "Any defense objection or request which is *capable of determination without trial of the general issue* may be raised before the trial by motion." Thus, the purpose of a pretrial motion is to address preliminary matters, not the merits of the charge itself or any defenses that may be advanced. In accord, in *State v. Stewart*, 149 Idaho 383, 388, 234 P.3d 707, 712 (2010), our Supreme Court explained: "The Idaho Rules of Criminal Procedure do not have a provision comparable to a motion for summary judgment found in the Idaho Rules of Civil Procedure. A defendant cannot have a case dismissed on the ground that the State's discovery responses show that it cannot prove the crime charged." Nor is Bettwieser entitled to file a pretrial motion to dismiss along with evidence allegedly supporting a defense, and thereby force the State to respond with evidence to the contrary or suffer dismissal. A defendant may not use such a tactic in order to present his version of events to the trial court without being subject to cross-examination.[2] This is what the trial is for. Here, the magistrate was quite right in deferring resolution of the mail carrier defense until trial.

---

[2] Notably, Bettwieser does not contend that he was not given a full opportunity to present his mail carrier defense at trial. The minutes from the trial show that he elected not to testify, which tends to suggest that attempted avoidance of cross-examination was the reason for Bettwieser's efforts to present the merits of his defense on a pretrial motion supported by his affidavit.

4

Bettwieser also contends that the magistrate's handwritten orders effectively setting this issue for trial are "void" because the orders were handwritten on Bettwieser's motions and not entered on a separate document as required, and for the additional reason that no certificate of service of the orders appears of record. Bettwieser is correct that the rules require that any written order entered on a motion "shall be on a separate document," *see* I.C.R. 47, and that motions, orders and other filed documents ordinarily are to be accompanied by a certificate of service. He fails, however, to cite any authority that the failure to follow these procedures makes a court order void. To the contrary, I.C.R. 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Bettwieser has identified no prejudice to his rights from the magistrate's procedural improprieties. The errors are therefore harmless.

While Bettwieser may now be right that a trial transcript was not necessary for review of his appellate issues (because his claims of error are unmeritorious on their face), the district court did not err in dismissing the appeal because Bettwieser never explained to the district court what those claims of error were. That is, he never explained to the district court what issues he contended could be resolved without a transcript. The district court therefore was operating in a vacuum, all indications in the appeal being that Bettwieser was attempting to challenge the magistrate's rulings made at the time of trial. Whether to dismiss an appeal for an appellant's failure to timely provide and pay for a transcript of the proceedings in the magistrate court is within the discretion of the district court. I.C.R. 54.13. Dismissal for noncompliance with the rules of appellate procedure is within the discretion of the appellate court and is reviewed for an abuse of that discretion. *See McNett v. McNett*, 95 Idaho 59, 60, 501 P.2d 1059, 1060 (1972). Based upon the information that was available to the district court, we find no abuse of discretion.

Bettwieser also complains of unfairness in the procedure followed by the district court clerk in settling the record for this appeal, mostly about procedures followed in serving the clerk's record on him. He does not, however, identify any prejudice arising from these irregularities, and any error is therefore harmless.

Bettwieser frames his last issue on appeal as follows: "Is having a separate appeal record by the appeal clerk proper for due process in the appeal which is not part of the standard court appeal record?" This issue arises from a term used in an order of the district court dated

February 21, 2012,[3] issued in response to Bettwieser's objection to the clerk's record for this appeal. In that order, the district court stated:

> The Objection to the Clerk's Record is not truly an objection to the record. It simply asserts that Bettwieser has not received the record. However, *the appeals clerk's record* demonstrates that Bettwieser was notified by that clerk by telephone and/or by sending an acknowledgement of service that the appellant's copy of the record could be obtained from the clerk's office. It appears that Bettwieser has not gone to the clerk's office to obtain it.

(emphasis added). Based upon the italicized words in that quote, Bettwieser surmises that there is some "separate appeal record" which he theorizes "appears to be a separate record that the appeals clerk creates that is not part of the regular court file." He continues: "In this instance the court issued an order from that appeal record."

It is apparent from the context, however, that the district court was not referring to a "separate appeal record" as surmised by Bettwieser, but merely an administrative record, apparently a clerk's notation memorializing a communication to Bettwieser informing him he could pick up a copy of the clerk's record. The point referenced in the district court's statement--that the court clerk had notified Bettwieser that he could obtain his copy of the record from the clerk's office instead of mailing it to him--is not disputed by Bettwieser. Indeed, it was the source of one of his complaints about the court clerk. He has not shown that the district court's reference to this administrative notation concerning a factual matter that was consistent with Bettwieser's own allegations violated due process or otherwise prejudiced him.

The district court's order dismissing the appeal is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[3] This order is not part of the clerk's record on appeal, but a copy of the order was separately filed with the clerk of this Court, apparently to supplement the district court clerk's record that had been previously filed, and we therefore consider it.