IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 40076-2012

STATE OF IDAHO, )
)
      Plaintiff-Respondent, )
)
v. )
)
SYDNEY LORELEI NEAL, )
)
      Defendant-Appellant. )
)

Boise, November 2013 Term

2013 Opinion No. 110

Filed: November 26, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Michael E. Wetherell, District Judge.

The judgment of the district court is affirmed.

Justin M. Curtis, Deputy State Appellate Public Defender, Boise, argued for appellant.

Jessica M. Lorello, Deputy Attorney General, Boise, argued for respondent.

EISMANN, Justice.

This is an appeal out of Ada County from the order of the district court denying a motion to dismiss, for the lack of probable cause, the felony charge of possession of methadone, a controlled substance. The methadone was discovered upon the birth of the defendant's baby girl in the umbilical cord. We hold that for the purposes of determining whether there was probable cause to believe that the defendant had possessed a controlled substance, the magistrate judge could reasonably have inferred that the defendant consumed the methadone; that she possessed it before she consumed it; and that she knew it was either methadone or a controlled substance when she was possessing it.

## I.
## Factual Background.

On March 27, 2011, Sidney Neal (Defendant) gave birth to a baby girl at a hospital located in Meridian, Idaho. During the process of being admitted to the hospital, Defendant

stated that she had been taking prescribed oxycodone and hydrocodone every six hours during her pregnancy to combat pain related to a pilonidal cyst. The baby had signs of opiate withdrawal after her birth. The umbilical cord was sent to the medical laboratory, and the lab report was positive for methadone. The cord was then sent to the United States Drug Testing Laboratories, which confirmed the presence of methadone.

On August 11, 2011, the State filed a criminal complaint charging Defendant with the felony crime of possessing methadone, a schedule II controlled substance. On September 23, 2011, Defendant appeared in the magistrate division of the district court pursuant to a summons, and the court appointed an attorney to represent her. The preliminary hearing was held on November 17, 2011. Based upon the evidence presented, the magistrate found that there was probable cause to believe that Defendant had committed the crime charged, and Defendant was bound over to answer in the district court.

On November 18, 2011, the State filed an information in the district court charging Defendant with possession of methadone. Defendant appeared in court on December 15, 2011, and entered a plea of not guilty.

On December 16, 2011, Defendant filed a motion to dismiss the charge on the ground that the evidence presented during the preliminary hearing failed to establish that there was probable cause to believe that Defendant committed the crime charged. In her supporting brief, Defendant argued that the presence of a controlled substance in the umbilical cord was insufficient to prove possession of the substance by Defendant, because once the substance is in a person's body the person no longer has dominion or control over the substance. She also argued that the positive test by itself was insufficient to prove the crime of possession. The district court heard the motion on March 14, 2012, and on April 10, 2012, it entered an order denying the motion to dismiss.

On April 19, 2012, the State and Defendant entered into a written stipulation providing that Defendant would plead guilty to the charge while reserving her right to appeal the denial of her motion to dismiss and that if she prevails on appeal, she would withdraw her guilty plea. Defendant pleaded guilty to the charge, and on June 14, 2012, the district court withheld entry of the judgment of conviction and placed her on probation for five years. Defendant then timely appealed.

2

**II.**
**Did the District Court Err in Denying Defendant's Motion to Dismiss**
**for Lack of Probable Cause?**

The information charged Defendant with possession of a controlled substance, methadone, in violation of Idaho Code section 37-2732(c). That statute provides, "It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter." On appeal, Defendant states that she "does not contest that methadone was found in the umbilical cord blood of her baby . . . [and] that she did not have a prescription for methadone." Likewise, she does not contend that some other provision in chapter 27 of title 37 would have authorized her possession of methadone. The issue, as defined by Defendant on appeal, is "the district court's conclusion that because methadone was present in the umbilical cord blood of B.N., she 'possessed' methadone in violation of I.C. § 37-2732(c)."

"At a preliminary hearing, the state must prove only that a crime was committed and that there is probable or sufficient cause to believe that the defendant committed it." *State v. Fain*, 116 Idaho 82, 84, 774 P.2d 252, 254 (1989). "[P]robable cause exists when the court has before it 'such evidence as would lead a reasonable person to believe the accused party has probably or likely committed the offense charged.'" *State v. Gibson*, 106 Idaho 54, 57, 675 P.2d 33, 36 (1983). The probable-cause standard is less than a preponderance of the evidence. *State v. Edmonson*, 113 Idaho 230, 234, 743 P.2d 459, 463 (1987).

Methadone is a controlled substance. I.C. § 37-2707(c)(15). The crime of possession of a controlled substance does not require a specific intent. It only requires "the knowledge that one is in possession of the substance," *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993), and either knowledge of the identity of the substance (e.g., in this case that it was methadone), *State v. Blake*, 133 Idaho 237, 241-42, 985 P.2d 117, 121-22 (1999), or knowledge that the substance was a controlled substance, *State v. Tucker*, 131 Idaho 174, 177, 953 P.2d 614, 617 (1998). The determination of probable cause "may be met by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate, and a reviewing court may not substitute its judgment for that of the magistrate as to the weight of the evidence." *Fain*, 116 Idaho at 84, 774 P.2d at 254. Under Idaho law, the State need not prove that the amount of a

3

controlled substance possessed was a usable amount. *State v. Rhode*, 133 Idaho 459, 461-62, 988 P.2d 685, 687-88 (1999).

At the preliminary hearing, Defendant did not make any argument as to whether the State has produced sufficient evidence to establish probable cause. In the district court, Defendant filed a motion to dismiss the information on the ground that there was insufficient evidence at the preliminary hearing to establish probable cause because "the mere presence of a controlled substance in a person's body does not constitute possession within the meaning of criminal statutes." In her supporting brief, Defendant cited cases from other jurisdictions supporting the contention that she could not be charged with possessing the methadone in her body and the positive drug test would not be sufficient by itself to sustain a conviction for possessing the drug before she ingested it. She summarized her arguments by stating:

> In the case at hand, other than what had been ingested and was circulating through Ms. Neal's infant's bloodstream, *there is no substance*. Instead of using the positive test to establish that Ms. Neal knew the substance was methadone and hydromorphone, the State is using the test to prove that there was at one time a substance.
> The State is attempting to establish a nexus between Ms. Neal and a substance that does not exist. There is no substance. There is no residue. Even if Idaho were to join those jurisdictions that will sustain convictions based on a positive drug test, those jurisdictions require additional evidence in order to prove knowing and voluntary possession.

Defendant concluded by arguing that the positive test for methadone in the cord blood was insufficient to show Defendant's conscious possession of methadone where "no evidence [was] offered to show where, how, when, or under what circumstances the methadone and/or hydromorphone were possessed by Ms. Neal."

In response to Defendant's motion to dismiss, the State asserted that Defendant "has a fairly significant addiction to opiates [which] . . . strongly suggests that any ingestion of methadone by Defendant was not accidental or unknowing." The State argued that "[t]his, coupled with a positive drug test that shows the presence of a Schedule II controlled substance in bodily fluids connected to Defendant, is sufficient evidence to hold Defendant to answer for the charge of possession of a controlled substance." Referring to the cases from other jurisdictions cited by Defendant in her brief, the State concluded, "All of the cases Defendant cites to acknowledge that drug test results are admissible circumstantial evidence to support a charge of

4

possession, and that those results paired with other circumstantial evidence can support a charge of possession of a controlled substance."

In its written order denying Defendant's motion to dismiss, the district court wrote that "the presence of methadone, in conjunction with her admission of not having a prescription, could properly indicate to a reasonable finder of fact that Ms. Neal, *at least at some point*, possessed methadone without a valid prescription." (Emphasis added.)

For the purpose of determining probable cause, it is reasonable to infer from the positive test for methadone that Defendant consumed that drug; that in order to consume it, she possessed it; and that she had the requisite knowledge that what she possessed was either methadone or a controlled substance.[1]

Defendant asserts that the issue is whether one can possess a drug after consuming or injecting it. According to her, the State charged her with possessing the methadone that was in the cord blood, not with possessing the methadone prior to consuming it. In support of that argument, she relies upon the wording of the information, which states, "That the Defendant, SYDNEY LORELEI NEAL, on or about the 4th day of April, 2011, in the County of Ada, State of Idaho, did constructively possess a controlled substance, to-wit: Methadone, a Schedule II controlled substance."

The baby was born on March 27, 2011. April 4th was eight days later, when a detective met with Defendant at the hospital to ask her about the positive test for methadone. During that meeting, she stated that she had never taken any methadone and had never been prescribed it.

Alleging that the crime occurred "on or about the 4th day of April, 2011," does not indicate that the State was attempting to charge Defendant with possessing the methadone in the umbilical cord. At that point, the cord obviously had been removed and was no longer in her possession. In fact, the cord was received for testing on March 29, 2011, at the United States Drug Testing Laboratories in Des Plaines, Illinois.

"The precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense." I.C. § 19-1414. The statutory provisions relating to prosecutions on indictments apply to informations. I.C § 19-1304.

---

[1] No issue has been raised as to whether there was sufficient evidence to show that Defendant possessed the methadone within the State of Idaho prior to consuming it.

5

Therefore, "[a]n information need not contain the precise time at which a crime is alleged to have been committed where time is not a material element of the crime charged." *State v. Owens*, 101 Idaho 632, 637, 619 P.2d 787, 792 (1979).

The allegation that the crime occurred on or about April 4, 2011, does not indicate that the State was seeking to charge Defendant for possessing the methadone in the umbilical cord. The State did not argue either at the preliminary hearing or in the district court that it was charging Defendant with possession of the methadone in the umbilical cord. In fact, during the oral argument on Defendant's motion to dismiss, the prosecuting attorney stated, "Essentially what our argument here is—we're not just saying that just because there happens to be methadone in her system that she is guilty." Rather, the prosecuting attorney argued that there was sufficient evidence for a finding of probable cause because the facts showed "that *her possession of the methadone at the time she ingested it* was an unlawful possession and that that gets us to that point." (Emphasis added.) Because the State did not contend that Defendant was possessing the methadone while it was in the umbilical cord, we need not address the issue of whether one is in possession of a drug after injecting, smoking, or consuming it.

### III.
### Conclusion.

We affirm the judgment of the district court.

Chief Justice BURDICK, Justices J. JONES, HORTON, and J. Pro Tem SCHROEDER **CONCUR.**