IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40613

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 476 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 24, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MEGAN ERIN BAKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion to dismiss, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Megan Erin Baker was charged with drug possession. She filed a pretrial motion to dismiss the charges, arguing that the presence of drugs or drug metabolites in her body was insufficient evidence to support a charge of drug possession. The district court denied Baker's motion and held that drug possession charges could be based upon such evidence. Baker challenges that decision on appeal.

## I.

## BACKGROUND

On December 26, 2011, Baker gave birth. Baker and the umbilical cord were tested for drugs. Baker tested positive for marijuana, and the umbilical cord tested positive for amphetamines, methamphetamine, and marijuana. Because she had custody of the infant, the case was referred to the Idaho Department of Health and Welfare (Department).

1

Baker agreed to work with the Department to address her drug use and the care of her infant, but missed a meeting with Department personnel. Consequently, on January 10, 2012, Ada County Sheriff's officers and Department workers conducted a welfare check on the infant. During that welfare check, Baker essentially admitted that she had been breastfeeding and would test positive for drug use. A urine sample from Baker did test positive for amphetamines, methamphetamine, and marijuana, and sheriff's officers declared the child to be in imminent danger.

Baker was charged with one count of possession of methamphetamine or amphetamine in violation of Idaho Code § 37-2732(c), and one misdemeanor count of possession of marijuana, in violation of I.C. § 37-2732(c). The State alleged that these offenses occurred "on or about the 10th day of January 2012." Additionally, the State alleged, pursuant to I.C. § 37-2739, that Baker had previously been convicted of a drug offense and was, therefore, subject to a sentence enhancement. Baker waived her preliminary hearing and was bound over to the district court.

Baker filed a motion to dismiss the charges. The motion stated that it was brought pursuant to Idaho Criminal Rule 48(a)(2). Baker's supporting brief argued that a "vague admission" and the presence of a controlled substance in her body were not sufficient grounds to prove possession of a controlled substance. She asserted:

> Once the substance has been ingested, an individual loses the ability to exercise dominion and control over the substance. Absent evidence that Ms. Baker had the ability to exercise dominion and control over the substances found pursuant to the drug test the State cannot proceed on a possession of a controlled substance charge.

The district court denied the motion, holding that possession of a drug within the body amounted to possession of a controlled substance.

Thereafter, Baker entered a conditional guilty plea preserving her right to appeal the denial of her motion to dismiss. Pursuant to the plea agreement, the sentence enhancement allegation and the misdemeanor charge were dismissed. After numerous evaluations and a sentencing hearing, the court imposed a unified sentence of seven years' imprisonment with two years fixed. The court retained jurisdiction, however, and recommended that Baker receive drug treatment.

On appeal, Baker argues that the district court erred when it held that the presence of a drug within a person's body can constitute possession of a controlled substance. Citing

authorities from other jurisdictions, she argues that possession necessarily requires the power to control or possess a substance and that one no longer has that power after having ingested the substance. Consequently, Baker asserts, in this case "there was insufficient evidence to support a charge of possession of a controlled substance under I.C. § 37-2732(c)." She also argues that this Court should construe the possession statute *in pari materia* with statutes governing the use or being under the influence of drugs and that so construed, I.C. § 37-2732(c) does not prohibit having a controlled substance within one's body. Finally, she argues that she is entitled to the application of the rule of lenity if the court concludes that the statute is ambiguous.

## II.

## ANALYSIS

"This Court reviews a district court's decision on a motion to dismiss a criminal action for an abuse of discretion." *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012) (citing I.C.R. 48(a); *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004)). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The State argues that, based upon the Idaho Supreme Court's decision in *State v. Neal*, 155 Idaho 484, 314 P.3d 166 (2013), the district court correctly denied Baker's motion to dismiss the charges. That decision, issued while this appeal was pending, covers a similar factual scenario. After Neal gave birth, she admitted that she had used narcotics while pregnant. A test of her umbilical cord indicated that Neal had used methadone, and she was charged with possession of that drug. Like Baker, Neal filed a motion to dismiss predicated on the contention that the presence of drugs or drug metabolites in her body did not amount to the possession of a controlled substance. Based on this proposition, Neal asserted that the evidence presented at her preliminary hearing was insufficient to show probable cause to believe she had committed the charged offense. She argued that "the positive test for methadone in the cord blood was insufficient to show Defendant's conscious possession of methadone where no evidence was offered to show where, how, when, or under what circumstances the methadone and/or

3

hydromorphone were possessed." *Id*. at 487, 314 P.3d at 169 (internal marks omitted). The Idaho Supreme Court upheld the district court's denial of Neal's dismissal motion, stating:

> For the purpose of determining probable cause, it is reasonable to infer from the positive test for methadone that Defendant consumed that drug; that in order to consume it, she possessed it; and that she had the requisite knowledge that what she possessed was either methadone or a controlled substance.

*Id*. at 488, 314 P.3d at 170.

The State is incorrect in its contention that *Neal* is dispositive of the present case for in *Neal* the issue was whether the State had demonstrated probable cause at the preliminary hearing. Baker, by contrast, waived her preliminary hearing and moved to dismiss on the premise that the State's evidence would be insufficient to prove the charged offense beyond a reasonable doubt at trial. The Supreme Court's determination in *Neal* that a positive drug test is sufficient to show probable cause for a possession charge does not resolve the question whether such evidence is sufficient to prove the charge beyond a reasonable doubt.

We conclude that the latter issue need not be resolved in the present appeal, however, because Baker's dismissal motion was not procedurally authorized or permissible. In *Neal*, the defendant's motion was expressly authorized by statute, I.C. § 19-815A, which provides that a defendant "may challenge the sufficiency of evidence educed at the preliminary examination by a motion to dismiss the commitment . . . or the information filed by the prosecuting attorney." *See also State v. Pole*, 139 Idaho 370, 372, 79 P.3d 729, 731 (Ct. App. 2003). No statute or rule similarly authorized Baker's motion challenging the State's ability to produce evidence sufficient to prove each of the elements of the charged offense. Baker's motion was in the nature of a motion for summary judgment which, in civil cases, is authorized by Idaho Rule of Civil Procedure 56. However, as was recently stated in *State v. Alley*, 155 Idaho 972, 318 P.3d 962 (Ct. App. 2014), the Idaho Criminal Rules do not provide for a summary judgment procedure. As authority for her motion, Baker cites I.C.R. 48(a)(2) which authorizes dismissal of a criminal charge if the trial court concludes that dismissal "will serve the ends of justice and the effective administration of the court's business." In *Alley*, we explained that Rule 48(a)(2) does not authorize the functional equivalent of a summary judgment motion:

> Rule 48(a)(2) allows a court, after giving notice, to dismiss a criminal action on the motion of a party or sua sponte for any reason if the court concludes that the dismissal will "serve the ends of justice and the effective administration of the court's business." However, the Idaho Criminal Rules do not have a provision

4

comparable to a motion for summary judgment found in the Idaho Rules of Civil Procedure. A defendant may not have a case dismissed before trial based on discovery responses indicating that the state cannot prove the crime charged. Similarly, the defendant cannot prevail on a pretrial motion to dismiss when the issue deals with an ultimate fact to be proven at trial, thereby creating a form of summary judgment not provided for under the Criminal Rules.

*Alley*, 155 Idaho at 981, 318 P.3d at 971 (internal citations omitted). Likewise, the Idaho Supreme Court has stated, "The Idaho Rules of Criminal Procedure do not have a provision comparable to a motion for summary judgment found in the Idaho Rules of Civil Procedure. A defendant cannot have a case dismissed on the ground that the State's discovery responses show that it cannot prove the crime charged." *State v. Stewart*, 149 Idaho 383, 388, 234 P.3d 707, 712 (2010). If an accused believes that the State's evidence ultimately presented at trial is insufficient to convict, he or she may move for a judgment of acquittal pursuant to I.C.R. 29(a), but a defendant may not force the State to make its case in a pretrial proceeding. Rather, the State may continue to investigate and present additional evidence at trial that was not included in initial discovery responses or other evidence that existed at the time of the defendant's arrest.[1] Because Baker's motion was procedurally improper, the district court was obligated to deny it.

Moreover, even if we considered the merits of Baker's argument that I.C. § 37-2732(c) does not criminalize having a controlled substance solely *within* one's body after consumption of the drug, she would not be entitled to dismissal on the record presented here. The record indicates that the January 10, 2012, urine test was not the only evidence of Baker's possession of controlled substances on or about that date. According to Baker's own brief in support of her motion to dismiss, there was evidence that Baker admitted to a Department worker "that she had

---

[1] That is not to say that a defendant may never obtain dismissal based on the insufficiency of the State's allegations. Because a charging document confers subject matter jurisdiction upon a court only if it alleges that the defendant committed a criminal offense within the state of Idaho, *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009); *State v. Jones*, 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004), a defendant may file a motion to dismiss pursuant to I.C.R. 12(b) when, assuming the facts alleged in the charging document to be true, the charged conduct does not amount to a crime. *Id.* Baker does not benefit from this principle, however, because the information here alleged that she "did unlawfully possess a controlled substance, to-wit: Methamphetamine and/or Amphetamine, a Schedule II controlled substance," and that she "did unlawfully possess a controlled substance, to-wit: Marijuana, a Schedule I controlled substance" within the state of Idaho. Thus, the information alleged conduct made criminal by statute.

used methamphetamine on the prior Saturday." As stated in the same brief, Baker was charged with possession of controlled substances "based on [the] positive drug test *and Ms. Baker's previous admissions to drug use*"; it was not based upon the drug test alone. Accordingly, even if we were to interpret I.C. § 37-2732(c) as urged by Baker, such that the statute would not be violated solely by the presence of a controlled substance in an individual's blood, such an interpretation would not call for the dismissal of the charges against Baker.

The district court's order denying Baker's motion to dismiss is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**