**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40847**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 609 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALBERTO VARELA-TEMA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Alberto Varela-Tema appeals from his judgment of conviction for felony driving under the influence entered pursuant to a conditional guilty plea. Specifically, he challenges the district court's denial of his motion to dismiss the information, arguing the officer lacked probable cause to support a warrantless arrest. Valera-Tema also challenges the sentence imposed as being excessive. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Valera-Tema was convicted of felony driving under the influence (DUI). Idaho Code §§ 18-8004, 18-8005(6). Prior to his conviction, Valera-Tema waived his right to a preliminary hearing and was bound over to the district court. Valera-Tema proceeded to file a motion to dismiss asserting the arresting officer lacked probable cause to arrest him for DUI as he was parked in a private residential driveway. The district court ruled that although a portion of

1

Valera-Tema's car was upon private property exempt from the DUI statute, a portion of his car was in the trailer park's roadway, which was open to the public whereby he was subject to the DUI statute. The State and Valera-Tema then entered into a conditional plea agreement. It provided that Valera-Tema would plead guilty to felony DUI, conditioned on being able to withdraw that guilty plea in the event the Idaho Supreme Court or Idaho Court of Appeals reverses the district court's order denying Valera-Tema's motion for dismissal or otherwise remands the case back to the district court for further proceedings. Valera-Tema pled guilty, was sentenced to a unified term of eight years with two years determinate, and timely appealed.

## II.

## DISCUSSION

In this appeal, Valera-Tema raises issues of whether the district court erred when it denied his motion to dismiss the case for lack of probable cause to support the warrantless arrest, requiring the case be remanded for the district court to make a factual finding as to whether his car was "upon the road" in the trailer park, and whether the district court abused its discretion when it imposed a unified sentence of eight years with two years determinate following his plea of guilty to felony DUI. The State rephrases the issue on the motion to dismiss as to whether Valera-Tema, by waiving his right to a preliminary hearing, admitted the existence of sufficient evidence to determine there was probable cause to support the warrantless arrest for DUI.

### A.     Motion to Dismiss for Lack of Probable Cause

This Court reviews a district court's decision on a motion to dismiss a criminal action for an abuse of discretion. *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012); *see* Idaho Criminal Rule 48(a). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

This case was commenced by the State filing a criminal complaint. Because the complaint alleged that Valera-Tema had committed the crime of felony DUI, he had a right to a preliminary hearing. IDAHO CONST. Art. I, § 8; I.C. § 19-804; I.C.R. 5.1; *State v. Stewart*, 149 Idaho 383, 387, 234 P.3d 707, 711 (2010). The purpose of the preliminary hearing is to

determine whether there is probable cause to believe that a felony was committed by the person charged. *Stewart*, 149 Idaho at 387, 243 P.3d at 711. Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that the person placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). A waiver of a preliminary hearing by a person accused of a crime operates as an admission of the existence of probable cause justifying that the accused be held for trial. *State v. Hendricks*, 80 Idaho 344, 348, 330 P.2d 334, 336 (1958). As the Idaho Supreme Court articulated in *Hendricks*:

> In cases where a defendant, accused of a public offense triable in the district court, waives preliminary hearing, no depositions to support the charge in the district court are required. The accused in such circumstances is held to answer for the crime charged in the criminal complaint filed with the committing magistrate. If an accused desires testimony taken before the committing magistrate, he could, by demanding, secure a preliminary hearing, and ascertain the facts on which the charge was based. Respondent having waived such hearing, he is not now in a position to complain. Where a preliminary hearing is had the information thereafter filed in the district court does not depend on the complaint filed with the committing magistrate but on the commitment and the facts shown by the preliminary hearing.

*Id.* Here, Valera-Tema, having waived his right to a preliminary hearing, admitted the existence of sufficient evidence to find there was probable cause to believe he committed the crime of felony DUI.

Therefore, the district court was correct in denying Valera-Tema's motion to dismiss. Although the district court did not deny Valera-Tema's motion on the aforementioned basis, we affirm the denial on the correct theory. *Stewart*, 149 Idaho at 388, 234 P.3d at 712. Because we have concluded that Valera-Tema admitted the existence of probable cause to support his arrest for felony DUI when he waived his right to a preliminary hearing, we need not address Valera-Tema's argument regarding the statutory interpretation of Idaho Code § 18-8004.

**B.     Sentencing**

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing

the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing a unified sentence of eight years with two years determinate for felony DUI.

## III.

## CONCLUSION

The district court properly denied Valera-Tema's motion to dismiss for lack of probable cause because he admitted the existence of probable cause when he waived his right to a preliminary hearing. Furthermore, the record reflects the district court acted within its discretion when it imposed a unified sentence of eight years with two years determinate for felony DUI. Therefore, Valera-Tema's judgment of conviction and sentence are affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**

4